# IN THE UNITED STATES BANKRUPTY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | |
| | : | CHAPTER 7 |
| CYBERSIGHT LLC | : | |
| | : | CASE NO. 02-11033 (PJW) |
| Debtor. | : | |
| | : | |

## APPLICATION TO PAY COMBINED UNCLAIMED CHECK INTO THE COURT

JEOFFREY L. BURTCH, Chapter 7 Trustee, respectfully represents as follows:

1. The Debtor's Chapter 7 case was filed on April 5, 2002.

2. I was appointed Chapter 7 Bankruptcy Trustee on April 5, 2002.

3. The following Creditor's disbursements were made and have not been negotiated.

4. The Trustee has exhausted every method of locating said creditor, including but not limited to internet based research, debtor's counsel, and telephone. The Trustee has been unsuccessful in locating a successor to the attached Exhibit A allowed funds.

5. Check number 118 was made payable to Lisa Spinazze and provided a pro-rata distribution of $203.72 on her claim number 12. Internet based research was unable to locate this creditor. A copy of the reverse lookup is attached as Exhibit B.

6. Check number 124 was made payable to Emazing.com and provided a pro-rata distribution of $3,417.28 on their claim number 14. The face of the POC and internet based research indicated that the creditor is a division of Sony Music Entertainment, Inc. ("Sony Music"). The Trustee's staff made numerous phone calls to Sony Music in order to establish the proper address and internal department. The disbursement check was re-sent on three separate occasions as indicated by Sony Music staff. The check was returned every time as "Refused." Copies of the internet based research confirming the address for Sony Music and the returned envelopes with the mailed date and "Refused" stamp are attached as Exhibit C.

7. Check number 136 was made payable to Lydia Bagwell and provided a pro-rata distribution of $847.75 on her claim number 34. Internet based research was unable to locate this creditor. A copy of the reverse lookup is attached as Exhibit D.

8. Check number 133 was made payable to Eschelon Telecom, Inc. and provided a pro-rata distribution of $2,461.21 on their claim number 31. Per the address on the POC, the disbursement check was mailed to CrediSolve, which filed the claim on behalf of their client Eschelon Telecom. Internet based research and CrediSolve representatives indicated that Eschelon Telecom is now a part Integra. On May 30, 2008, a stop payment was issued on check number 133 and check number 152 was issued in the same amount and forwarded to CrediSolve. CrediSolve indicated that they would confirm receipt of the check and forward it to the proper representatives at Integra/Eschelon Telecom for negotiation. CrediSolve also provided contact information for the responsible party at Integra/Eschelon Telecom. Numerous phone calls and emails have been made to reach someone at Integra/Eschelon Telecom regarding negotiation of the disbursement check, including a final email on September 22, 2008 advising Integra/Eschelon Telecom that a stop payment would be issued if they failed to negotiate the disbursement check. As of October 2, 2008, the check has not been negotiated. Copies of the correspondence and emails to and from CrediSolve are attached as Exhibit E.

WHEREFORE, JEOFFREY L. BURTCH, Chapter 7 Trustee, respectfully requests that the Court permit the Estate's funds of $6,929.96, be paid to the Clerk for deposit to the Treasury.

Dated: October 2, 2008

*/s/ JEOFFREY L. BURTCH*
Jeoffrey L. Burtch, Chapter 7 Trustee
1000 West Street, 10th Floor
Wilmington, DE 19801
302/984-3800 Telephone
302-984-3838 Facsimile